UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | : | |
|---|---|---|
| Simón Peralta | : | |
| *Plaintiff* | : | |
| | : | CA No.: 1:17-cv- |
| v. | : | |
| | : | |
| City of Providence by and through its Treasurer James Lombardi III, and William Bombard, alias, in his Individual and Official Capacities. | : : : | |
| | : | JURY TRIAL REQUESTED |
| *Defendants* | : | |
| | : | |
| | : | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by Simón Peralta ("Plaintiff") against Defendants City of Providence ("the City,") and William Bombard, Alias ("Defendant Bombard) (collectively "Defendants") arising from Defendants' unlawful discrimination against Plaintiff on the basis of his race, color, and national origin.

2. Plaintiff has been employed as a laborer for the City in its Department of Public Works since 2008, beginning as a temporary employee and becoming permanent in 2009.

3. On several occasions, Plaintiff applied for a posted Senior Mechanic position in the Public Works Department. The position required experience with diesel mechanics and hydraulics.

4. Each time he applied Plaintiff submitted along with the bid form his resumé describing his formal training and experience in diesel mechanics and hydraulics.

5. On three separate occasions when Plaintiff applied for a Senior Mechanic position in

1

  Public Works (2012, December, 2014, and August, 2016) Plaintiff Peralta was rejected for the position in favor of white individuals who did not work for the City at the time they were hired.

6. Plaintiff Peralta alleges that the Defendants and their agents illegally engaged in corrupt practices to deny him promotions for which he was the most qualified applicant, going so far as to remove the resumé he had attached to his bid form.

7. Plaintiff alleges violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, the Fair Employment Practices Act, §28-5-7, R.I. Gen. Laws, and the Civil Rights Act of 1990, R.I. Gen. Laws §41-112-1.

8. Plaintiff seeks injunctive relief in the form of a promotion to Senior Mechanic, compensatory damages of back pay and benefits with interest, punitive damages where available, and reasonable attorneys' fees, costs, and interest pursuant to §28-5-24, R.I. Gen. Laws and 42 U.S.C. §2000e-5(k).

## II.   JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

10. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is appropriate in the District of Rhode Island pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred within this judicial district.

## III.   THE PARTIES

12. Plaintiff Peralta is an Afro-Caribbean man who was born in the Dominican Republic. At

all times relevant to this Complaint, Plaintiff was a resident of Providence, Rhode Island.

13. At all times relevant to this Complaint, Plaintiff was employed by the City.

14. Defendant City of Providence is a municipal corporation duly authorized and organized under the laws of the state of Rhode Island, engaged in commerce and employing more than fifteen (15) people. The City is sued by and through its treasurer, James J. Lombardi III, alias, the official designated by R.I.G.L. §45-15-5 to be named in a suit for relief against the City.

15. Defendant William Bombard was the Acting Director of the Department of Public Works when Plaintiff was denied a promotion.

16. Upon information and belief, Defendant Bombard is a resident of Rhode Island.

### IV.   STATEMENT OF FACTS

17. Plaintiff was hired by the City as a laborer in the Department of Public Works ("DPW" or "Public Works") in October, 2008 and designated as a temporary employee.

18. In August, 2009 Plaintiff was assigned permanent status and became a member of the union representing DPW employees, Laborers International Union of North America, Local 1033 ("Local 1033").

19. Plaintiff applied for the position of Senior Mechanic at DPW several times when the position was posted, beginning in 2008. On some of those occasions, the person hired had more seniority than Plaintiff.

20. Article X of the Collective Bargaining Agreement between the City and Local 1033 governs the hiring process for the Senior Mechanic position. It requires the City to consider seniority as a determining factor where qualifications and ability are relatively equal and prioritizes current City employees over non-employees in bidding for positions.

21. On various occasions, representatives of Local 1033 informed Plaintiff that the reason he was not selected for the Senior Mechanic position was that he did not possess a Commercial Driver's License ("CDL").

22. If chosen for the position however, Plaintiff would have been allowed six months to obtain a CDL.  According to the City's position paper in response to Plaintiff's charge with the Rhode Island Commission on Human Rights, his lack of a CDL was not a factor in the decision not to hire Plaintiff for the position.  **EXHIBIT 1 at 5.**

23. In 2012, Plaintiff Peralta applied for a posted Senior Mechanic position.

24. The person hired for the 2012 posting, Christopher Garran ("Mr. Garran") is white and was not a City employee at the time of his hire.

25. Plaintiff Peralta applied again for a Senior Mechanic position that was posted on December 11, 2014, vacancy P-144-14.

26. Using a stapler, Plaintiff attached his resumé to the Internal Bid Form and submitted it as his application for the position.  **EXHIBIT 2.**

27. Another DPW employee was hired for that position, Carlos Santos ("Mr. Santos").

28. However, *after* Mr. Santos was hired, a *second* individual, Christopher Kugler ("Mr. Kugler") was hired as a Senior Mechanic.

29. No additional Senior Mechanic positions were posted between the December 11 posting and the hiring of Mr. Kugler.

30. Mr. Kugler, who is white, was not employed by the City at the time of his hire.

31. Plaintiff sent a letter to the City's Director of Human Resources, Sybil Bailey, on August 4, 2015 detailing his concerns around the discriminatory hiring as well as certain

4

incidents that created a hostile work environment over the preceding six years.[1] **EXHIBIT 3.**

32. On September 2, 2015, Plaintiff met with City of Providence Equal Employment Opportunity Officer Olayinka Oredugba ("EEO Officer Oredugba") to discuss the concerns raised in his letter.

33. At the September 2 meeting, EEO Officer Oredugba showed Plaintiff file folders containing documents related to the hiring process for Senior Mechanic postings at the Department of Public Works in 2014.

34. At the September 2 meeting, EEO Officer Oredugba explained that the reason Plaintiff Peralta was not hired for the positions was because he had not demonstrated experience with diesel mechanics or hydraulics.

35. This assertion that Plaintiff was rejected because he lacked experience in diesel mechanics or hydraulics was memorialized in an email dated September 15, 2015 from EEO Officer Oredugba to unknown recipient(s).  **EXHIBIT 4**

36. However, the resumé Plaintiff Peralta submitted with his applications, and personally *stapled to his bid sheet* for the December 11, 2014 position details his Associates Degree in Automotive and Diesel Power machinery, and his experience repairing diesel engines, hydraulic systems, and diesel powered heavy machinery.  **EXHIBIT 2**

37. At the September 2, meeting EEO Officer Oredugba showed Plaintiff the bid sheet from his 2014 application for the Senior Mechanic position.

38. There was no resumé attached to the document that EEO Officer Oredugba showed to Plaintiff.  However, there were *two tiny holes in the upper corner of the document,*

---

[1] Because this civil action only addresses the failure-to-promote claim, the incidents resulting in a hostile work environment are not related herein.

*matching the size and placement of where a staple would have been.*

39. EEO Officer Oredugba told Plaintiff that she would investigate further and respond to him at a future date.

40. On September 2, 2015 following the meeting, EEO Officer Oredugba sent an email to Plaintiff Peralta asking him to provide her with a copy of the resumé he had attached to his application.

41. Plaintiff Peralta hand-delivered a copy of his resumé to EEO Officer Oredugba on September 4, 2015.  **EXHIBIT 2**

42. After September 2, 2015, Plaintiff received no further communication from EEO Officer Oredugba or any other City officials regarding the concerns raised in his August 4, 2015 letter to Sybil Bailey.

43. Plaintiff Peralta filed a complaint with the Rhode Island Commission for Human Rights on October 5, 2016.

44. On August 10, 2016, another Senior Mechanic position for DPW was posted.

45. Plaintiff submitted a bid for this position on August 11, 2016.  The bid was received and stamped as such.  **EXHIBIT 5**

46. Plaintiff Peralta included a copy of his resumé and referred to it on the bid form for the August 10, 2016 posting.

47. Neither Defendant Bombard nor anyone else contacted Plaintiff to arrange for an interview for the position; Plaintiff received no communication whatsoever in response to his application for the August, 2016 posting.

48. Ray Fratus, Jr. ("Mr. Fratus") who is white and was not a City employee was hired for the Senior Mechanic position posted on August 10, 2016.

49. Upon information and belief, Mr. Fratus is the son of another City employee, also named Ray Fratus, who was employed as a welder at DPW at the time Mr. Fratus was hired as a Senior Mechanic.

## V. ADMINISTRATIVE PROCEDURES

50. On or about October 5, 2015, Plaintiff Peralta filed a charge with the Rhode Island Commission for Human Rights ("Commission" or "RICHR").  Plaintiff's charge was also taken up by the United States Equal Employment Opportunity Commission ("U.S. EEOC").

51. On or about October 12, 2016, Plaintiff Peralta requested a Notice of Right to Sue from the Commission.

52. On or about October 20, 2016, the Commission issued a Notice of Right to Sue in this matter.   **EXHIBIT 6**

53. On or about December 20, 2016, the U.S. EEOC issued a Notice of Right to Sue in this matter.   **EXHIBIT 7**

## COUNT ONE:
### Violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e

54. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 53.

55. As described above,  Defendants through their actions and omissions intentionally discriminated against Plaintiff on the basis of his race, color, and ancestral origin, on more than one occasion by rejecting him for the position of Senior Mechanic, a position for which he was qualified, and instead hiring white applicants from outside the pool of City employees.

56. As a result of Defendants' conduct as described above, Plaintiff suffered a loss of wages

and benefits, and other damages.

## COUNT TWO:
### Violation of the Fair Employment Practices Act, R.I. Gen. Laws §28-5-7.

57. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 53.

58. As described above, Defendants through their actions and omissions intentionally discriminated against Plaintiff on the basis of his race, color and ancestral origin, on more than one occasion by rejecting him for the position of Senior Mechanic in favor of white applicants from outside the pool of City employees.

59. As a result of Defendants' conduct as described above, Plaintiff suffered a loss of wages and benefits, and other damages.

## COUNT THREE:
### Violation of the Civil Rights Act of 1990, R.I. Gen. Laws §41-112-1.

60. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 53.

61. As described above, Defendants through their actions and omissions intentionally discriminated against Plaintiff on the basis of his race, color and ancestral origin, on multiple occacasions by rejecting him for the position of Senior Mechanic in favor of white applicants from outside the pool of City employees.

62. As a result of Defendants' conduct as described above, Plaintiff suffered a loss of wages and benefits, and other damages.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

1. Order Defendants to compensate Plaintiff for all back wages and benefits lost due to Defendants' failure to promote him, pursuant to 42 U.S.C. §2000e-5(g)1, and interest;

2. Order Defendants to without delay promote Plaintiff to the position of Senior Mechanic;

8

3. Award Plaintiff punitive damages;

4. Award Plaintiff reasonable attorney's fees, costs and interest pursuant to 42 U.S.C. §2000e-5(k), and R.I. Gen. Laws §41-112-2 and any other applicable statutes; and

5. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

### VII.   REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

RESPECTFULLY SUBMITTED

Simón Peralta

By his attorney,

/s/Shannah Kurland

Shannah Kurland, R.I. Bar no. 9186
149 Lenox Avenue
Providence, RI 02907
401.439.0518
skurland.esq@gmail.com